PLANO MANUFACTURING COMPANY v. BETSY HALLBERG and Another.[1]

July 2, 1895.

Nos. 9473—(220).

Replevin—Sufficiency of Complaint.

In an action of replevin brought by the mortgagee to recover possession of the mortgaged property, held, the complaint states a cause of action.

Chattel Mortgage—Declaring Default.

A chattel mortgage provides that the mortgagor is entitled to possession until default in the mortgage, and that the mortgagee may take possession of the mortgaged property "if any attempt be made to dis-

[1] Reported in 63 N. W. 1114.

pose of or remove said property or any part thereof." *Held,* where there is in fact a breach of this condition, the mortgagee in taking possession on account of such breach is not attempting to declare a default arbitrarily or without just cause, within the meaning of G. S. 1894, § 4145.

Same—On Crops.

A chattel mortgage executed on the 15th day of August of one year, mortgaging the crops to be grown the next year, is not void by reason of the provisions of G. S. 1894, § 4154.

Appeal by plaintiff from orders of the district court for Kittson county, Ives, J., sustaining separate demurrers of defendants respectively to the complaint. Reversed.

*Alley & Konzen* and *Wm. Watts,* for appellant.

*H. Steenerson* and *W. E. Rowe,* for respondents.

CANTY, J. This is an action of replevin. The plaintiff corporation claims the right of possession under and by virtue of the provisions of a certain chattel mortgage made to it by the defendants. A copy of this mortgage is set out in the complaint. It is dated August 15, 1893, and mortgages some farm machinery, two cows, and "all the crops of every name, nature, and description now growing, sown, or to be sown, and to be grown, cultivated, and harvested during the year 1894," on a certain described quarter section of land. The mortgage provides that the mortgagor shall have possession until default in the mortgage, which was given to secure the payment of two promissory notes, each for $69.90, and 10 per cent. interest thereon, each of the same date as the mortgage, one due November 1, 1894, and the other November 1, 1895. Plaintiff alleges that on October 26, 1894, "by mistake, the sum of $67.79 was received in full payment" of the first note, and the note was then delivered up to defendants, but that there is still due on the same the sum of $10.28, which was demanded on discovery of said mistake, and before the commencement of this action. The mortgage further provides that the mortgagee may take possession of the mortgaged property "if any attempt be made to dispose of or remove said property or any part thereof." It is alleged in the complaint: "That the grain raised and harvested on said above-described tract during the season of 1894 consisted of about 1,700 bushels of wheat, 700 bushels of oats, and 100 bushels of barley,—

all of which has been sold and disposed of by said defendants, mortgagors, and without the consent of this plaintiff, and in violation of the terms of said mortgage, save and except 150 bushels of wheat, 500 bushels of oats, and 50 bushels of barley, which is now threshed and in granary on the farm of said defendants." To this complaint the defendants separately demurred, on the ground that it does not state facts sufficient to constitute a cause of action, and from orders sustaining the demurrers plaintiff appeals.

Taking the allegations of the complaint as true, it sufficiently appears that there is a small balance due on the first note, which has not been paid. This came due November 1, 1894, after which date this action was commenced. The failure to pay the balance, at least after such demand, constitutes a default which entitles plaintiff to the possession of the property. But even if the first note had been fully paid, we are not prepared to say that the complaint would not still state a cause of action, for the reason that defendant disposed of a part of the mortgaged property. It seems like a very unbusinesslike transaction to mortgage the crop of 1894 to pay a note not due until the fall of 1895, and especially is this so when the mortgagor stipulates that any attempt on his part to remove or dispose of any part of the crop of 1894 shall constitute a default in the mortgage. But we cannot make a new contract for the parties. If, in this respect, there is any mistake in the mortgage, the defendant may set up the facts in his answer, and ask to have the mortgage reformed.

Taking possession for breach of such a condition against disposing of the mortgaged property, is not declaring a default arbitrarily or without just cause, within the meaning of the provisions of G. S. 1894, § 4145.

Neither does this mortgage attempt to mortgage the crops for more than one year in advance, and is not void as to the crop of 1894 by reason of the provisions of section 4154 of said statute, as claimed by respondents.

This disposes of the case. The orders appealed from are reversed, but as there appears to be but little merit in the cause of action set up in the complaint, appellant will not be allowed any statutory costs in this court.

Orders reversed.